Petition for Writ of Mandamus
Denied and Memorandum Opinion filed August 9, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00626-CV

____________

 

IN RE WILMA REYNOLDS, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

300th District Court

Brazoria County, Texas

Trial Court Cause No. 48170

 

 

 



M E M O R
A N D U M   O P I N I O N

            On July 25, 2011, relator, Wilma Reynolds, filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  In the petition, Wilma complains that respondent,
the Honorable Randall Hufstetler, presiding judge of the 300th District Court
of Brazoria County, denied part of her requested discovery and her motion for
contempt.  

            The trial court signed a final decree of divorce between
Wilma and David Reynolds on May 18, 2009.  Wilma appealed the portion of the
decree dividing the marital estate to this court.  While the appeal was
pending, Wilma filed the underlying action seeking modification of the terms of
conservatorship and child support.  A partial summary judgment was granted on the claims for the
modification of conservatorship and possession, leaving the issue of child
support pending.  Wilma then served discovery requests on David in connection
with the modification action 

            The trial court conducted a hearing on the objections to discovery
on May 4, 2011. Relevant to this proceeding, the trial court ruled that the
details of the expenditures shown in David’s bank statements could be redacted.

            In August 2010, this court issued an opinion and judgment
affirming the divorce decree and  reversing the trial court’s order imposing
$750 sanctions against Wilma; this court remanded the case  to the trial court
to complete post-judgment discovery.  See Reynolds v. Reynolds, No.
14-09-00720-CV, 2010 WL 3418209 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010,
pet. denied) (mem. op.).  This court’s mandate issued April 1, 2011.  On June
27, 2011, Wilma filed a motion for contempt in the trial court complaining, among
other matters, that she had not been reimbursed for the $750 in sanctions.  On
July 6, 2011, the trial court denied Wilma’s motion for contempt.

            In this proceeding, Wilma asks that we direct the trial court
to set aside its May 4, 2011, ruling that David could redact expense details
from the bank statements requested in Wilma’s discovery and order the
statements produced without redaction.  Wilma also asks that we direct the respondent
to enforce this court’s judgment reversing the discovery sanction order and
order the $750 repaid.[1]


A party is entitled to mandamus relief if a trial court
violates a legal duty or abuses its discretion, and the party has no adequate
remedy at law.  In re Prudential Ins. Co. of Am., 148 S. W.3d 124,
135–36 (Tex. 2004).  A trial court abuses its discretion if “it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law.”  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  With
respect to factual issues, matters are committed to the trial court's
discretion and the reviewing court may not substitute its judgment for that of
the trial court.  Id.  To obtain relief, relator must establish that the
trial court reasonably could have reached only one decision.  Id. at
840. 

Relator has not established her entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.









[1]  We note that our mandamus record contains no order
requiring repayment of the $750 sanction that is subject to enforcement by
contempt.  This court’s judgment in the appeal did not order the funds repaid.